

UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

AUG - 3 2000

NANCY DOHERTY, CLERK

By _____
Deputy

| | | |
|---|---|---|
| ED TUCKER DISTRIBUTOR, INC., | § | |
| d/b/a TUCKER-ROCKY DISTRIBUTING | § | |
| and | § | |
| EASTON ALUMINUM, INC. | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. |
| | § | |
| v. | § | |
| | § | _____ |
| RENTHAL LTD. | § | |
| and | § | |
| ANZA SPORT GROUP, INC., | § | |
| d/b/a RENTHAL AMERICA | § | |
| | § | |
| Defendants. | § | 3 - 00CV - 1682 P |

## COMPLAINT

Plaintiffs Ed Tucker Distributor, Inc. and Easton Aluminum, Inc. complain of defendants

Renthal Ltd. and Anza Sport Group, Inc. on the grounds of patent infringement, contributory

infringement, and inducement to patent infringement.

## PARTIES

1.     Plaintiff Ed Tucker Distributor, Inc. ("Tucker"), is a Texas corporation with its

principal place of business located at 4900 Alliance Gateway Fwy., Fort Worth, Texas 76178.

2.     Plaintiff Easton Aluminum, Inc. ("Easton"), is a California corporation with its

principal place of business located at 7855 Haskell, Van Nuys, California 19406.

3.     Ed Tucker Distributor, Inc. and Easton Aluminum, Inc. are hereinafter sometimes

referred to collectively as "Plaintiffs."

COMPLAINT - Page 1

4.     Upon information and belief, Defendant Renthal Ltd., ("Renthal") is a company organized and existing under the laws of Great Britain with its principal place of business at Bredbury Park Way, Bredbury Stockport, Cheshire SK6 2SN, United Kingdom. Renthal has not designated and does not maintain agents for service of process in the State of Texas. Accordingly, pursuant to Rule 4(h)(2) of the Federal Rules of Civil Procedure, Renthal is subject to service of process under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Convention"). Pursuant to Article 3 of the Convention, Renthal may be served by delivering, in duplicate, a request for service with this complaint attached to the Senior Master of the Supreme Court, Royal Courts of Justice, Strand, London, W.C. 2, one of the designated authorities for the United Kingdom under the Convention. Upon receipt of the request, and pursuant to Article 5 of the Convention, said designated authority will proceed to serve  Renthal by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory.

5.     Defendant Anza Sport Group, Inc. ("Anza") is a California corporation doing business as "Renthal America" and having a principal place of business located at 24950 Anza Drive, Valencia, California 91355. On information and belief, Anza is engaged in business in the State of Texas as defined by the Texas Long-Arm Statute, but does not maintain a regular place of business in the State of Texas. Anza has not designated and does not maintain agents for service of process in the State of Texas. Therefore, in accordance with the Texas Civil Practice and Remedies Code § 17.044, service may be made by serving the Secretary of State of Texas with copies of the Complaint. Plaintiffs request that the Secretary of State or its agent forward copies of the Complaint to Anza at the above-referenced address.

6.      Renthal and Anza will hereinafter sometimes are referred to collectively as "Defendants."

7.      The court may exercise personal jurisdiction over the Defendants because this action arises from Defendants' contacts in Texas. Therefore Defendants have sufficient minimum contacts with this state and or the United States and maintenance of this action in this forum will not offend traditional notions of fair play and substantial justice.  On information and belief, Plaintiff alleges that Defendants conduct substantial and continuous business activity in Texas.

## JURISDICTION AND VENUE

8.      This action arises under 35 U.S.C. §§ 271, 281, 283, 284, and 285, which provide civil remedies for patent infringement, inducement of patent infringement, and contributory infringement.

9.      This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338.

10.     Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.

## FACTS GIVING RISE TO THIS ACTION

11.     United States Letters Patent Number 5,117,708, entitled "Handlebars for Motorcycles, Dirt Bikes, All Terrain Vehicles and Jet Skis" (hereinafter the "Boyer patent") issued June 2, 1992 to Boyer et al.  Attached as Exhibit A is a true and correct copy of the Boyer patent.

12.     The Boyer patent is directed to improved handlebars for power vehicles such as two wheeled vehicles and all terrain vehicles, and in particular to handlebars for off road motorcycles. The handlebars have a longer, unsupported span than conventional handlebars, thereby providing more cushioning strength and greater steering control.

13.     Tucker and Easton manufacture and market a  handlebar for motorcycles and similar vehicles that is marketed and sold under the trade name "Pro Taper".

COMPLAINT - Page 3

14.     Easton and Answer Products, Inc. ("Answer") are the original assignees of the Boyer patent.

15.     Answer assigned all right, title, and interest in the Boyer patent held by Answer to Tucker on July 23, 2000.

16.     Tucker and Easton, as the assignees of the Boyer patent, together hold all right, title, and interest in the Boyer patent.

## PATENT INFRINGEMENT, CONTRIBUTORY INFRINGEMENT, AND INDUCEMENT TO PATENT INFRINGEMENT

17.     All of the foregoing allegations are incorporated herein by reference for all purposes.

18.     Plaintiffs are informed and believe, and on that basis allege, that Renthal and Anza import handlebars to the United States.

19.     Plaintiffs are informed and believe, and on that basis allege, that Renthal and Anza have offered to sell, and have sold, handlebars in this judicial district for resale to the public. Attached as Exhibits B and C are receipts showing sales of Renthal's handlebars within this district.

20.     Plaintiffs are informed and believe, and on that basis allege, that certain handlebars imported to the United States and offered and sold in this judicial district by Renthal and Anza infringe the Boyer patent in violation of 35 U.S.C. § 271(a).

21.     Plaintiffs are informed and believe, and on that basis allege, that Defendants have induced infringement of the Boyer patent in violation of 35 U.S.C. § 271(b).

22.     Plaintiffs are informed and believe, and on that basis allege, that Defendants have contributorily infringed the Boyer patent in violation of 35 U.S.C. § 271(b).

23.     Under 35 U.S.C. § 284, Plaintiffs are entitled to recover from Defendants under damages, including attorneys' fees, they have sustained and will sustain, including but not limited to any gains, profits, and advantages obtained by Defendants as a result of Defendants' wrongful conduct and acts of infringement alleged above.  At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiffs.

24.     Plaintiffs have no adequate remedy at law.  The conduct of Defendants has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiffs in the Boyer patent.  As a result of Defendants' wrongful conduct, Plaintiffs are further entitled to injunctive relief under 35 U.S.C. § 283 restraining Defendants, their officers, agents and employees, and all persons acting in concert or priority or in participation with Defendants, from engaging in any further such acts in violation of the patent laws. and damages under 35 U.S.C. § 284.

25.     Upon information and belief, after a reasonable opportunity for further investigation or discovery, there is likely to be evidentiary support that said conduct by Defendants was and is willfully done with knowledge of the Boyer patent.

### ATTORNEYS' FEES

26.     All of the foregoing allegations are incorporated herein by reference for all purposes.

27.     Defendants' conduct herein has required Plaintiffs to retain the undersigned attorneys to defend and protect their patent, and prosecute their claims in this lawsuit.  Plaintiffs are entitled to recover their reasonable attorney's fees under 35 U.S.C. § 285 and other applicable law in prosecuting their claims through trial and, if necessary, through appeal.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

    a.     A judgment that Renthal has infringed each of the claims of the Boyer patent;

    b.     A judgment that Anza has infringed each of the claims of the Boyer patent;

    c.     An accounting to determine damages for all infringement;

    d.     A trebling of damages for willful infringement;

    e.     An assessment of interest on the damages determined;

    f.     A finding that this is an exceptional case and that an award of Plaintiffs' costs and attorneys' fees is appropriate;

    g.     A preliminary injunction against Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with Defendants, from continued infringement of the Boyer patent;

    h.     A permanent injunction against Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with Defendants, from continued infringement of the Boyer patent;

    i.     Judgment of and from Defendants for the full amount of Plaintiffs' actual damages as a consequence of Defendants' conduct, including disgorgement of all wrongfully obtained monies and profits;

    j.     Pre-judgment interest at the maximum lawful rate on the sums awarded herein;

    k.     Post-judgment interest at the maximum lawful rate on the sums awarded herein;

    l.     The full amount of Plaintiffs' reasonable and necessary attorneys' fees in prosecuting their claims through trial and, if necessary, through appeal;

    m.     All costs of suit; and

n.      Such other and further relief, whether at law or equity as the Court deems just.

## JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues triable to a jury.

Dated this 1ˢᵗ day of August, 2000.


Respectfully Submitted,

By:

Sanford E. Warren, Jr.
TX State Bar No. 20888690
Kay L.Schwartz
TX State Bar No. 17865700
Dawn Estes
TX State Bar No. 14251350

GARDERE & WYNNE, L.L.P.
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201-4761
Telephone - (214) 999-3000
Facsimile - (214) 999-4667

ATTORNEYS FOR PLAINTIFFS

894485 1

**COMPLAINT - Page 7**